**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATNAM KAUR; et al., | No. 08-74989 |
| Petitioners, | Agency Nos.    A073-643-937 |
| v. | A073-643-938 |
| | A073-643-939 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2013[**]
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Satnam Kaur and her derivative beneficiary daughters, Kirandeep and

Gagandeep, petition for review of an order of the Board of Immigration Appeals

denying Kaur's petition for asylum and withholding of removal and her motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen to apply for protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, deny it in part, and remand to the agency on an open record so that the immigration judge may consider additional evidence of Kaur's identity and reevaluate her claims for asylum and withholding in light of this disposition.

A decision denying a motion to reopen to apply for protection under the Convention Against Torture is reviewed for an abuse of discretion. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (per curiam). Motions to reopen are disfavored, especially in the immigration context. *Id.* To succeed, an applicant must "establish[] a prima facie case of eligibility for the underlying relief sought." *Id.* at 1151 (citing *Ordonez v. I.N.S.*, 345 F.3d 777, 785 (9th Cir. 2003)). It was not an abuse of discretion for the BIA to deny Kaur's motion to reopen after determining that she had not met her prima facie burden to establish that it is more likely than not that she would be subject to torture if removed to India. *See* 8 C.F.R. § 208.16(c)(2); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1216-17 (9th Cir. 2005).

The IJ also found that Kaur was not credible and therefore failed to establish eligibility for asylum or withholding of removal. The BIA affirmed without opinion, so we review the IJ's decision as if it were that of the BIA. 8 C.F.R. §

2

1003.1(e)(4)(ii); *see also Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003). We must uphold an adverse credibility determination unless the IJ based his decision on illegitimate reasons or the record compels a contrary conclusion. *Singh v. Ashcroft*, 362 F.3d 1164, 1168, 1170 (9th Cir. 2004) (quoting *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002)). Because the proceedings commenced before the enactment of the REAL ID Act, the IJ's reasons for finding Kaur not credible must go to the heart of her claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). A basis for an adverse credibility finding goes to the heart of a petitioner's claim if it can be viewed as an attempt to enhance her claims. *Marcos v. Gonzales*, 410 F.3d 1112, 1117 (9th Cir. 2005) (quotation omitted).

Any inconsistencies regarding Kaur's movements within the United States do not enhance her claims and therefore constituted an inadequate basis for the IJ's adverse credibility determination. *See id.* Similarly, purported discrepancies regarding where Kaur lived prior to her second arrest fail to enhance her claims and cannot support an adverse credibility finding. *See id.* Because such inconsistencies do not constitute a valid basis for finding Kaur not credible, Kaur cannot be faulted for having failed to provide corroborating evidence. *See Gui v. I.N.S.*, 280 F.3d 1217, 1227 (9th Cir. 2002). In addition, the IJ could not base his credibility determination on speculation concerning the volume of testimony and

3

evidence Kaur offered regarding the efforts of Kaur and her family to locate her husband and the amount of contact Kaur had with her family. *See id.*

The IJ also relied on contradictions regarding the date of the death of Kaur's father-in-law, but confusion regarding dates cannot support an adverse credibility determination. *See Singh v. Gonzales*, 403 F.3d 1081, 1090-91 (9th Cir. 2005). This rule also precludes the IJ's reliance on Kaur's confusion regarding the 1991 and 1992 Punjab elections. *See id.*

The IJ also rejected Kaur's claims because she could not credibly establish her identity. The IJ suspected that Kaur's only form of photographic identification, an English translation of her Indian drivers license, was a forgery because of various misspellings in the document itself and the wet seal's apparent misspelling of the issuing city of Hoshiarpur as "OSHIARPUR." Because the IJ failed to address Kaur's explanation that such misspellings and typographical errors are common in official Indian documents translated into English, the errors in the document itself cannot support an adverse credibility determination. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004), *superseded by statute on other grounds*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (citations omitted).

As for the apparent misspelling in the wet seal, we cannot resolve the issue on the record before us. The IJ assumed that the error was the result of forgery. We have reversed adverse credibility determinations that solely rested on an IJ's speculation concerning the level of care with which Indian government officials prepare and issue passports, including whether they properly spell the name of the holder. *Kaur*, 379 F.3d at 886-87; *see also Chen v. Bd. of Immigration Appeals*, 461 F.3d 153, 156 (9th Cir. 2006) (IJ did not offer any evidence concerning how Chinese government officials assign or change identification numbers, nor any evidence to indicate that fraud was more likely than bureaucratic mistake). In contrast, we have upheld such conclusions when the IJ is able to support them with evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (9th Cir. 2007) (identification identified as fraudulent by forensics expert).

Here, the IJ only offered his unsubstantiated speculations regarding "the manner in which Indian [government] officials carry out their duties," including the quality of stamps used and whether officials are "careless and sloppy in issuing" and stamping licenses. *See Kaur*, 379 F.3d at 886-87 (internal quotation marks removed). Such "[s]peculation and conjecture cannot form the basis of an adverse credibility finding." *See id.* (quoting *Shah v. I.N.S.*, 220 F.3d 1062, 1071

5

(9th Cir. 2000)) (internal quotation marks removed); *see also Chen*, 461 F.3d at 156.

Although the IJ's adverse credibility determination did not rest on legitimate reasons, we decline to substitute our own conclusions regarding the license's authenticity based on the record before us. Therefore, we grant the petition in part and remand to the agency to consider evidence of Kaur's identity, including any additional evidence she can provide, and to reevaluate the merits of her claims for asylum and withholding of removal in light of this disposition. We deny the petition in part as to the BIA's denial of Kaur's motion to reopen to apply for protection under the Convention Against Torture.

Each party shall bear its own costs for this petition for review.

**GRANTED IN PART, DENIED IN PART, AND REMANDED.**